UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK,

                Plaintiff,

-against-

AKWA AZEEM BEY, *ex rel.* DESMOND OXFORD McDANIEL,

                Defendant.

24-CV-1779 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Defendant Akwa Azeem Bey, who is appearing *pro se*, filed a notice to remove to this court an action pending in the Monticello Village Court concerning summonses issued for violations of the New York State Vehicle and Traffic Law and criminal charges of resisting arrest and obstruction of governmental administration. For the reasons set forth below, the Court remands this action to the Monticello Village Court.

## STANDARD OF REVIEW

      A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action

to the state court *sua sponte* within 30 days of the filing of the notice of removal and may do so any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Defendant Bey, who is also known as Desmond Oxford McDaniel, commenced this action by filing a document labeled "Legal Notice of Removal from Municipal Court to Federal Court pursuant to USC Title 18 U.S.C. § 241 & § 242 Proper Article III Jurisdiction." (ECF No. 1 at 1.)[1] Named as plaintiff is the People of the State of New York. Bey seeks to remove various traffic summonses and criminal charges proceeding in the Monticello Village Court. He asserts that "[a]ll matters, complaints, traffic tickets/suits, citations/bills of exchange (misrepresented as lawful warrants, etc.), must be filed with federal court, pursuant to jurisdiction named hereinafter." (*Id.*)

The following information is taken from the notice of removal and attachments. On December 2, 2023, while traveling north on Forestburgh Road, Bey was stopped by Police Officer Mathew Rohner of the Village of Monticello Police Department. Rohner issued Bey two traffic tickets, charged Bey with obstruction of governmental administration, and issued an appearance ticket. The appearance ticket directed Bey to appear in the Monticello Village Court on December 18, 2023, and stated that, if he did not appear to answer the charges, a warrant for his arrest would be issued. Bey asserts that, by letter dated February 5, 2024, he was advised that

---

[1] Bey writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

he was also being charged with resisting arrest. The traffic tickets, appearance ticket, and notification of the additional charge of resisting arrest are attached to the notice of removal.

Bey removes the proceedings from the Monticello Village Court, denying the charges and asserting that the People of the State of New York, Police Officer Matthew Rohner, and "the offices and officers of New York Monticello Village Court" have conspired to violate his rights and lack jurisdiction to issue the tickets and charges or to impose any other sanctions against him. Bey also contends that the charges against him are "repugnant to the Constitution because they deny a right established and guaranteed in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, and 10th Bill of Rights." (*Id*. at 4.)

## DISCUSSION

A defendant removing a criminal action to a federal district court is generally required to file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The criminal defendant must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." § 1455(b)(3).

Furthermore, the removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Such removal jurisdiction is limited. A criminal prosecution may be removed to federal court where an action has been commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal prosecutions commenced in state court are also subject to removal if the defendant "is

3

denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). Because removal to federal court deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Sheets*, 313 U.S. at 109.

Here, although Bey provides copies of the two traffic tickets and charges that resulted from the traffic stop in an attempt to comply with the procedural requirements for the removal, his removal is untimely. Bey was issued the tickets and charge of obstruction governmental administration on December 2, 2023, and he filed this notice of removal on March 6, 2024, more than 30 days after receiving the initial tickets and charge. Even if this removal were timely filed because he received notice of the additional charge of resisting arrest on February 5, 2024, his submission is devoid of facts suggesting that removal of his state court criminal proceeding is proper. Bey does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Nor does he allege facts suggesting that he cannot enforce in the New York state courts a right to equality that is being denied him. Rather, Bey appears to believe that issuance of the traffic tickets and the charges of obstructing governmental administration and resisting arrest violated his rights, but he does not make any argument about being denied a right or being unable to enforce a right in the state court proceeding. Bey therefore has not demonstrated any statutory basis for removal of the proceedings related to the traffic tickets and the criminal charges.

For all of these reasons, the Court concludes that removal is not proper, and the action is remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

## LITIGATION HISTORY AND WARNING

Bey has filed a prior notice of removal in this court seeking to remove the proceeding related to the same traffic and appearance tickets issued on December 2, 2023. By order dated January 16, 2024, that matter was remanded to the Monticello Village Court. *See Monticello Vill. Ct. v. Bey*, ECF 1:23-CV-10855, 4 (S.D.N.Y. Jan. 16, 2024). Bey also filed a notice of removal seeking remove to this court another action pending in the Town of Bethel Justice Court concerning a traffic ticket issued to him on December 7, 2023. By order dated January 16, 2024, that matter was remanded to the Monticello Village Court. *See Town of Bethel Justice Court v. Bey*, ECF 1:23-CV-10856, 4 (S.D.N.Y. Jan. 16, 2024).

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware of the requirements for removing a state-court action to federal court when he filed this notice of removal. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." Accordingly, he is warned that further duplicative or nonmeritorious litigation in this court may result in an order barring him from filing new actions in this court without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Because removal of traffic tickets and criminal charges is untimely and improper, the state-court proceeding is remanded under 28 U.S.C. § 1455(4) to the Monticello Village Court. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED

Dated:   April 15, 2024
         New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge